[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: RESTITUTION
The defendant by virtue of a plea on August 27, 1992, was convicted of Larceny in the First Degree. She had been a licensed real estate broker and, in such capacity, misappropriated a deposit of $17,990.00 for the purchase of real estate entrusted to her by Michael and Rita Burchell. This court sentenced the defendant to two years in prison, execution suspended, and placed on probation for a period of five years. A court-imposed condition of probation required Ms. Bailey to make full restitution to the Burchells in equal monthly installments commencing on or about February 27, 1993. The defendant has paid nothing. The Burchell's, after having filed a civil action against the defendant and having attached the defendant's real estate, obtained a judgment against her. Thereafter, the Real Estate Guaranty Fund, (§ 20-324a of the General Statutes) paid the Burchells the full amount of the claim and the Burchells executed a subrogation agreement and assigned their judgment to the Department of Consumer Protection's Real CT Page 10119 Estate Commission Guaranty Fund. The Department of Consumer Protection now claims that it is entitled to stand in the Burchell's shoes for purposes of collecting the court ordered restitution.
Section 20-234a et. seq. of the Connecticut General Statutes governs the rights and liabilities of the Real Estate Commission's Guaranty Fund. Section 20-324e(b):
 (b) When any aggrieved person recovers a valid judgment in the superior court against any real estate broker or real estate salesman or the unlicensed employee of any such real estate broker for loss or damages sustained by reason of any fraud, misrepresentation or deceit by or on the part of such real estate broker or salesman or the unlicensed employee of any such real estate broker, such aggrieved person may upon the final determination of, or expiration of time for appeal in connection with, any judgment, apply to the real estate commission for an order directing payment out of the real estate guaranty fund of the amount unpaid upon the judgment, subject to the limitations stated in section 20-234a and the limitations specified in this section. The license of any such broker or salesman shall be automatically revoked upon the entry of such judgment.
That provision makes clear that the penalty to be suffered by the dishonest broker is the loss of his license.
Once the Fund reimburses the defrauded client, the agent or broker remains ineligible for reinstatement until the Fund is reimbursed in full.
 (f) If the real estate commission pays from said fund any amount in settlement of a claim or toward satisfaction of a judgment against a licensed real estate broker or real estate salesman pursuant to an order under subsection (e), such broker or salesman shall not be eligible to receive CT Page 10120 a new license until he has repaid in full, plus interest at a rate to be determined by the commission and which shall reflect current market rates, the amount paid from said guaranty fund on his account. A discharge in bankruptcy shall not relieve a person from the penalties and disabilities provided in this subsection.
Once the commission has paid a judgment creditor, as in the case at bar, it is subrogated to all the rights of the judgment creditor up to the sums paid.
 Sec. 20-324h. Payment from guaranty fund. When the real estate commission has caused to be paid from said guaranty fund any sum to the judgment creditor, the commission shall be subrogated to all of the rights of the judgment creditor up to the amount paid, and the judgment creditor shall assign all of his right, title and interest in the judgment up to such amount paid to the real estate commission, and any amount and interest recovered by the real estate commission on the judgment shall be deposited to said guaranty fund.
The Real Estate Commission's Guaranty Fund has a valid civil judgment, secured by a judgment lien, that is good for twenty years. Conn. Gen. Stat. § 52-380a(c). By statute, the remedies have been defined. It may not now seek to intervene in the criminal case to which it was neither a complainant nor a victim at the inception.
Inasmuch as the defendant has made no payments to any individual or agency and because the purpose of requiring restitution is rehabilitative, as opposed to being solely punitive, in accordance with § 53a-30(c) of the General Statutes, the court will modify the condition of probation as follows:
In lieu of the condition of restitution to the Burchells, the defendant is ordered to perform eighteen hundred hours of community service at the rate of six hundred hours annually. In the event that the defendant reimburses the Department of Consumer Protection, Real Estate Commission's Guaranty CT Page 10121 Fund, the condition of community service will be deemed to have been fully satisfied.
By the court,
HOWARD SCHEINBLUM JUDGE, SUPERIOR COURT